**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SALIH SULJIC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| R & M FREIGHT, INC., d/b/a, | ) |
| R & M TRUCKING COMPANY | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Salih Suljic ("Plaintiff" or "Suljic"), by and through his attorneys, Joshua N. Karmel of the Law Offices of Joshua N. Karmel and Joseph C. Torres of The Karmel Law Firm, and for cause of action against Defendant, R & M Freight, Inc., d/b/a R & M Trucking Company ("Defendant" or "R&M") alleges as follows:

**INTRODUCTION**

1. This action is brought under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 1601 *et seq*, and the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305/ *et seq*. Plaintiff seeks monetary damages, attorneys' fees, and costs arising from Defendant's discharge of Plaintiff in retaliation for his exercising statutorily protected rights.

**JURSIDICTION AND VENUE**

2. This Court has federal question and supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, respectively.

3. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this judicial district.

1

**PARTIES**

4.      Plaintiff is an adult male residing in Schaumburg, Illinois.

5.      Defendant is in the business that specializes in intra state trucking and delivery and is located at 3730 River Road, Suite 100, Franklin Park, Illinois.

**FACTUAL ALLEGATIONS**

6.      In or about 2006 Plaintiff was hired by Defendant to work as a truck driver whose essential function was the delivery of undisclosed goods.

7.      On or about August 2, 2016, Plaintiff suffered an industrial accident in the course and scope of his employment when he was assaulted by a delivery driver who was employed by DHL, Inc.

8.      After the assault, Plaintiff immediately reported the assault and injury to his dispatcher, Alexander "Sasha" Milenkovic. Milenkovic advised him to seek medical help.

9.      On August 4, 2016, Plaintiff went to Swedish Covenant Hospital for treatment where he was treated and released.

10.      After August 4, 2016, Plaintiff was treated by Dr. Kijana Seferovic, Plaintiff's primary care physician, who examined the Plaintiff and determined that the injuries were severe. Dr. Seferovic then disabled Plaintiff, and directed him not to return to work. (A copy of the off-duty slips dated August 5, 2016 through August 6, 2016 is attached hereto as Ex. A.).

11.      The Plaintiff, with the assistance of his daughter, Maida Suljic, faxed the off-duty slips to Nichole Adamson ("Adamson"), Defendant's Human Resource Representative. The off-duty slips were then acknowledged by the Adamson.

12.      On or about, August 10, 2016, the Plaintiff filed an Application for Adjustment of Claims seeking benefits under the Illinois Workers Compensation Act.

2

13. Plaintiff's workers' compensation claim was entitled *Salih Suljic v R&M Trucking IWCC*, Case No. 16 WC 24383, and the Application for Adjustment of Claims were served by U.S. Mail to the Defendant's Franklin Park location. (A copy of the Application for Adjustment of Claims is attached hereto as Ex. B.).

14. On or about August 16, 2016, Plaintiff was summoned into a meeting by Adamson who asked the Plaintiff, "Why are you suing us and not the other company," and "why did you get a lawyer."

15. Via facsimile dated August 17, 2016 and September 7, 2016, Plaintiff submitted two additional off-duty slips to Defendant. The September 7 off-duty slip required Plaintiff to remain on medical leave until October 7, 2016. (Copies of the off-duty slips are attached hereto as Ex. C and Ex. D).

16. In addition to the off-duty slips, Plaintiff provided Defendant a release for medical information and treatment protocol.

17. In or about the week of September 4, 2016, Adamson admitted to Plaintiff's daughter during a telephone conversation that she received Plaintiff's off-duty slips that were faxed to her office on August 17, 2016 and September 7, 2016.

18. Despite Plaintiff's continued efforts to keep the Defendant apprised of his medical progress and absences, and Adamson's admission she received Plaintiff's off-duty slips, Defendant terminated Plaintiff by letter dated September 12, 2016, citing "job abandonment" as the reason for his discharge. (A copy of the September 12, 2016 termination letter is attached hereto as Ex. E).

3

## COUNT I
### Defendant Violated the FMLA

19. Plaintiff herein adopts and incorporates paragraphs 1-18 as if fully set forth herein.

20. The FMLA provides covered employees with job protected unpaid leave for qualified medical and family purposes.

21. Pursuant to 29 U.S.C. § 1611(4), Defendant is an "eligible employer" under the FMLA, as Defendant employed more than fifty (50) employees within a seventy-five (75) mile radius.

22. Plaintiff was an "eligible employee" at the time of his discharge under 29 U.S.C. § 1611(2), and was entitled to take twelve (12) weeks of unpaid leave.

23. Plaintiff was eligible for FMLA leave because he had been employed with Defendant for over twelve (12) months and worked at least 1,250 hours prior to his taking FMLA leave. Accordingly, Plaintiff qualified for "entitlement to leave" as defined by 29 U.S.C. § 2612(1).

24. During the months of August and September 2016, Plaintiff engaged in protected activity when he submitted his off-duty slips to Defendant and went on FMLA leave.

25. On September 12, 2016, Defendant took adverse employment action against Plaintiff when it discharged him in retaliation for his protected FMLA activity.

26. On September 12, 2016, Plaintiff discharged Plaintiff in retaliation for his protected activity, as evidenced by Defendant's knowledge of Plaintiff's request for FMLA leave, the close timing to his protected activity and his discharge, and the false pretextual justification Defendant relied on to justify Plaintiff's discharge.

27. As the result of Plaintiff's unlawful discharge, Plaintiff has incurred and is now incurring a loss of wages and continuing medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 1617(a). Accordingly, Plaintiff seeks his lost back pay, lost front pay, damages for emotional distress, liquidated damages, punitive damages, and any interest on the amounts thereon as provided under 29 U.S.C. § 1617. Additionally, Plaintiff seeks his attorneys' fees and costs related to prosecuting this matter.

## COUNT II
### Defendant Violated the IWCA

28. Plaintiff herein adopts and incorporates paragraph 1-18 as if fully set forth herein.

29. At all relevant times, it was the responsibility of the Defendant as Plaintiff's employer, and pursuant to *Section 305/8* of the Illinois Workers Compensation Act, to provide and pay for all the necessary medical treatment and benefits for the Plaintiff's injury.

30. During the course of his employment with Defendant, Plaintiff suffered a work-related injury on or about August 2, 2016. Defendant was aware of Plaintiff's injury at the time the injury occurred.

31. Thereafter, Plaintiff filed his workers compensation claim on August 10, 2016, and availed himself to all the rights to which he is entitled to under the Illinois Workers Compensation Act ("Act").

32. At all relevant times hereto, it was the clear mandate of Illinois public policy under the Illinois Workers Compensation Act to afford protection to employees by providing them with prompt and equitable compensation for their injuries and to promote the general welfare.

33. Notwithstanding the duties set forth in the Act, specifically *820 ILCS 305/4(h),* among other statutes, Defendant willfully and wantonly violated the clear mandate of public policy when it discharged Plaintiff as a consequence of and in retaliation for Plaintiff's work-related

5

injury, as well as seeking benefits for his work injury.

34.     As a result of Defendant's willful, wanton and malicious misconduct, Plaintiff is entitled to recover compensatory, remedial, equitable, and punitive damages, in addition to his attorneys' fees and costs.

## REQUEST FOR JURY DEMAND

35.     Plaintiff demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Salih Suljic, prays that this Court enter judgment against Defendant as follows:

(1) Injunctive relief ordering the reinstatement of Suljic by Defendant to his former full-time position and prohibiting further retaliation;

(2) Suljic's back pay, front pay and benefits that he is entitled to due to Defendant's retaliation;

(3) Damages suffered by Suljic for outrage, humiliation, embarrassment and mental anguish as a result of Defendant's willful and intentional acts;

(4) Punitive damages;

(5) Suljic's reasonable attorneys' fees and the costs; and

(6) Such other and further relief as this Court deems just and equitable.

Date:   May 22, 2019

6

Respectfully Submitted,

By:   /s/Joseph C. Torres
        Joseph C. Torres
        One of Plaintiff's attorneys

Joseph C. Torres
The Karmel Law Firm
221 N. LaSalle Street, Suite 1550
Chicago, IL 60601
(P) 312-641-2910
joe@karmellawfirm.com

Joshua N. Karmel
The Law Offices of Joshua N. Karmel
3000 Dundee Rd. Suite 311
Northbrook, Illinois 60062
(P) 847-433-4942
Jklaw1226@gmail.com